UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BENJAMIN FRIEDMAN,            )
                              )
        Plaintiff,            )     3:09-CV-00403-LRH-VPC
                              )
v.                            )
                              )     ORDER
CANTEEN VENDING,              )
                              )
        Defendant.            )
                              )

Before the court is Defendant's motion to dismiss. Doc. #10.[1] Plaintiff filed an opposition, Doc. #12, and Defendant filed a reply, Doc. #13.

**I.    Facts and Procedural History**

Nevada resident Benjamin Friedman, appearing pro se, initiated this action by filing a form Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Doc. #6. The sole named defendant is Canteen Vending, a company alleged to reside in Pennsylvania. *Id.* at 2. The complaint includes a single cause of action based on a July 2007 car accident in Oakland, California, in which Friedman was rear-ended by a vehicle owned by Canteen Vending. *Id.* at 3-4. Friedman alleges he was fully compensated by Canteen Vending's insurance carrier for the damages to his vehicle, but he also

---

[1]Refers to the court's docket entry number.

suffered physical injuries as a result of the accident. *Id.* His complaint prays for $50,000 in damages for pain and suffering. *Id.* at 9.

Canteen Vending was served on June 21, 2010. Doc. #9. Over two months later, on September 29, 2010, Canteen Vending filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, respectively. Doc. #10. Friedman then filed an opposition, Doc. #12, and Canteen Vending filed a reply, Doc. #13, p. 2.

## II.  Discussion

### A.  Rule 12(b)(3): Venue

Canteen Vending argues for the first time in its reply that venue is improper because the accident occurred in California, Friedman was a resident of California at the time, and any witnesses would be located in California. Doc. #13, p. 2. The court will not consider arguments raised for the first time in a reply brief. Moreover, Canteen Vending waived the defense of improper venue under Rule 12(b)(3) by failing to raise it in its motion to dismiss, which was expressly made pursuant to Rule 12(b)(1) and (b)(6) only. *See* Fed. R. Civ. P. 12(h)(1)(A).

### B.  Rule 12(b)(6): Failure to State a Claim

Canteen Vending also seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could

3

not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

A person may be held liable for a civil rights violation under 42 U.S.C. § 1983 only if the person acted "under color" of state law within the meaning of the statute. Contrary to Friedman's argument, § 1983 does not encompass actions by private parties that are merely *subject* to state law. Section 1983 ordinarily applies only to government officials or to private individuals engaged in joint action with government officials. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008). In this case, Canteen Vending appears to be a private business, and Friedman fails to allege any facts suggesting that Canteen Vending acted under color of state law. Thus, Friedman's complaint fails to state a claim under § 1983.

Despite Friedman's erroneous use of a § 1983 complaint form, however, construing the pro se complaint liberally, Friedman appears to have stated a claim under state law for negligence in the operation of a motor vehicle. Construing his claim as such, the court will proceed to determine whether it possesses subject matter jurisdiction over such an action.

**C.  Rule 12(b)(1): Subject Matter Jurisdiction**

Because Friedman's complaint fails to state a claim under federal law and federal question jurisdiction is therefore inapplicable, Friedman's action may proceed only if the court has diversity jurisdiction over his state law claim. Diversity jurisdiction exists if the action is between citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Generally, the allegations of the complaint determine the amount in controversy if made in good faith. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Here, Friedman's prayer for $50,000 in compensatory damages for pain and suffering is plainly insufficient, and his complaint must therefore be dismissed for lack of subject matter

4

1  jurisdiction.  Recognizing this defect, however, Friedman has requested leave to amend to assert
2  damages in the range of $35,000 to $150,000 based on uncertain and increasing medical costs for
3  diagnosis and treatment and for lost career opportunities.  Doc. #12, p. 4.  Canteen Vending
4  opposes the request, arguing that Friedman's estimate is unsupported by any facts and that, as
5  Friedman has already stated the amount in controversy is $50,000, increasing the amount to meet
6  the jurisdictional threshold would be disingenuous.

7      Generally, a pro se complaint may be dismissed without leave to amend only if it is
8  absolutely clear that the deficiencies of the complaint could not be cured by amendment.  *Schucker*,
9  846 F.2d at 1203-04.  Also, a plaintiff may amend the complaint to cure a jurisdictional deficiency
10 in the amount in controversy where it does not appear to a legal certainty that the claim is really for
11 less than the jurisdictional threshold.  *See Crum*, 231 F.3d at 1131-32 (reversing a dismissal for
12 lack of subject matter jurisdiction based on amended damages allegations).  Unlike in *Crum*,
13 Friedman has yet to submit a proposed amended complaint detailing the nature and extent of his
14 damages.  Nonetheless, crediting Friedman's representations in his opposition papers, the court is
15 presently unable to determine to a legal certainty that his claim is really for less than the
16 jurisdictional amount or that he is seeking to inflate his damages allegations merely to obtain
17 federal court jurisdiction.  The court therefore declines the defendant's request to dismiss the
18 complaint with prejudice at this time.  While the court makes no prejudgments regarding whether
19 Friedman will in fact be able to satisfy the jurisdictional requirements, the possibility is sufficient
20 to warrant leave to amend to cure the deficiencies in the complaint.
21 ///
22 ///
23 ///
24 ///
25 ///
26

1  IT IS THEREFORE ORDERED that Defendant's motion to dismiss (#10) is GRANTED.
2  The complaint is hereby DISMISSED without prejudice. Plaintiff shall have 30 days to file an
3  amended complaint, if he chooses to do so.
4  IT IS SO ORDERED.
5  DATED this 7th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE